UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PETROLEUM HELICOPTERS, INC.         CIVIL ACTION NO. 6:13-cv-00015

VERSUS                              JUDGE DOHERTY

APICAL INDUSTRIES, INC.,             MAGISTRATE JUDGE HANNA
OFFSHORE HELICOPTER
SUPPORT SERVICES, INC., AND
ROLLS ROYCE CORPORATION

# RULING

Currently pending are two motions to compel. The first pending motion is defendant Apical Industries, Inc.'s motion (Rec. Doc. 86); the second pending motion is plaintiff Petroleum Helicopters, Inc.'s motion (Rec. Doc. 90). Both motions are opposed. Oral argument on both motions was held on November 26, 2013. Present in court were Alex Whitman representing Petroleum Helicopters, Inc. ("PHI") and Kenneth H. Laborde representing Apical. Considering the evidence, the briefs, the arguments of counsel, and the applicable law, and for the reasons explained below, the motions are granted in part and denied in part.

## FACTUAL BACKGROUND

On December 1, 2011, engine failure forced a helicopter owned and operated by PHI to make an emergency landing in the Gulf of Mexico. During the emergency

landing, the pilot inflated skid-mounted floats that were designed to keep the helicopter from sinking. The float system failed, and the helicopter was lost. Defendant Apical Industries, Inc. allegedly designed, manufactured, and sold the float system. PHI seeks to recover from Apical and others for the loss of the helicopter.

## ANALYSIS

Two motions to compel are currently before the Court. In resolving these motions, the Court is guided by Fed. R. Civ. P. 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and that relevant information need not be admissible at trial to be discoverable so long as it is reasonably calculated to lead to the discovery of admissible evidence.

### A.   APICAL'S MOTION TO COMPEL

Apical's motion to compel seeks complete responses from PHI to three requests for production: Request Nos. 5 and 10 of Apical's first set of requests for production and the requests set forth in Apical's second set of discovery requests.

(1)   Request for Production Number 5. The parties' dispute regarding this request was resolved before the oral argument with PHI's agreement to produce a copy of the relevant lease agreement. With regard to this request for production, the motion is denied as moot.

(2) Request for Production Number 10. In this request, Apical seeks the production of PHI's reports regarding its investigation of the subject incident. At the hearing, PHI's counsel explained that PHI did not generate a formal report following the incident; however, it does have an investigative file or folder. PHI takes the position that the contents of the file or folder is privileged because the investigation was initiated by counsel, but PHI has not provided Apical with a privilege log.

The undersigned finds that this request seeks the production of relevant information that is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the motion is granted with regard to this request. More specifically, PHI is ordered to produce all nonprivileged documents in its investigation file or folder and to provide Apical with a privilege log complying with the requirements of Fed. R. Civ. P. 26(5)(A). This shall be done not later than forty-five days after the date of this ruling.

(3) Apical's second set of discovery requests. In its second set of interrogatories and requests for production, Apical asked PHI to identify every open water landing concerning float inflations for the past twenty years and to provide certain information regarding them. At the hearing, Apical's counsel clarified this request, stating that PHI has had only fourteen such incidents in the past twenty years as documented by the NTSB and advising that Apical seeks to know the outcome of

those incidents, i.e., whether the helicopters sank or were recovered, as well as a little detail about why the incidents occurred. The undersigned finds that this request is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the motion is granted with regard to the clarified request for production. More particularly, Apical is ordered to provide PHI with a list of the fourteen incidents, and PHI is ordered to provide Apical with the outcome of each incident and a brief description of the cause of each incident. This shall be accomplished not later than forty-five days after the date of this ruling.

(4) Apical's request for attorneys' fees and expenses. In its motion, Apical sought to recover the costs and attorneys' fees incurred in connection with its motion to compel. Such recovery is mandatory under Fed. R. Civ. P. 37(a)(5)(A) when a motion to compel is granted. In this case, however, Apical's motion is being granted in part and denied in part. In that situation, the Court may, at its discretion, apportion the reasonable expenses among the parties. Fed. R. Civ. P. 37(a)(5)(C). The Court is not required to order the payment of fees and costs, and in its discretion, the Court will not award costs or fees in this case. Accordingly, to the extent that Apical's motion seeks the recovery of attorneys' fees or costs, the motion is denied.

**B.** **PHI'S MOTION TO COMPEL**

PHI's motion to compel focuses on three sets of requests for the production of documents: Request Nos. 1-5 and 14; Request Nos. 6-8, 12, and 13; and Request Nos. 9-11.

(1) Request Nos. 1-5, 14. The parties' dispute concerning these requests was resolved prior to the oral argument, with PHI accepting Apical's assertion that it has no documents responsive to these requests. Accordingly, with regard to these request for production, the motion is denied as moot.

(2) Request Nos. 6-8, 12, 13 and Request Nos. 9-11

In these requests for production, PHI seeks complete responses to its inquiries concerning the manufacture and design of the floats and flotation systems manufactured by Apical both before and after the redesign that resulted in doublers being used on one side – but not the other – of the helicopter involved in the subject incident. Apical objected to these requests on the basis that they are overly broad. Apical also responded that it has already produced all responsive documents that it has.

The undersigned finds that these requests for production seek information that is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the motion to compel is granted with regard to these requests. More particularly, Apical is ordered to supplement its responses to these requests for

production by providing verified responses listing those documents or categories of documents that have already been produced. Additionally, Apical is ordered to either produce any additional responsive documents that it may have or to state, in its verified supplemental response, that it has no additional responsive documents in its possession. This shall be accomplished not later than forty-five days after the date of this ruling.

Finally, if PHI is not satisfied with Apical's supplemental verified responses, Apical's counsel shall request a telephone conference with the undersigned so that the issue may be discussed before another motion to compel is filed.

(3) PHI's request for attorneys' fees and expenses. In its motion, PHI sought to recover the costs and attorneys' fees incurred in connection with its motion to compel. As noted above, such recovery is mandatory under Fed. R. Civ. P. 37(a)(5)(A) when a motion to compel is granted but is left to the Court's discretion under Fed. R. Civ. P. 37(a)(5)(C) when a motion to compel is granted in part and denied in part. In its discretion, the Court will not award costs or fees in this case. Accordingly, to the extent that PHI's motion seeks the recovery of attorneys' fees or costs, the motion is denied.

## CONCLUSION

Based on the foreging, Apical's motion to compel (Rec. Doc. 86) is GRANTED IN PART, DENIED IN PART, and DENIED IN PART AS MOOT; and PHI's motion to compel (Rec. Doc. 90) is GRANTED IN PART, DENIED IN PART, and DENIED IN PART AS MOOT.

Signed at Lafayette, Louisiana, this 26th day of November 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE